MANIER
vs
MYERS & JOHNS.

*Fry & Page* for plaintiffs: *Morehead & Reed and Cates & Lindsey* for defendants.

---

CASE.

Case 30.

Oct 6.

For the facts of the case see 4 *B. Monroe*, 514.

Additional proof on its return to the Circuit court and its tendency.

Instructions of the circuit Ct.

## Manier *vs* Myers and Johns.

ERROR TO THE MONTGOMERY CIRCUIT.

*Adverse enjoyments. Non user of privilege.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS case was formerly before the Court, on a writ of error prosecuted by Manier, and to the opinion then rendered, and to be found in 4 *B. Monroe*. 514, we refer for a general statement of the case, and of the facts and principles involved.

On the return of the cause to the Circuit Court, a second trial was had, in which much testimony was adduced on both sides. That on the side of the plaintiffs. Myers and Johns, tended to prove that their mill is more obstructed by back water since the erection of Manier's new dam in 1842, and in consequence of it, as some witnesses say, than it had been by the back water from the old dam within twenty y⬤ before the erection of the new one; while that on t⬤ e of Manier tended to prove that the new dam was not as high as the old one, and did not in fact elevate the water so much as the old one had done within twenty years preceding, and tended also to prove that since the erection of the new dam, there had been other causes, to which the greater and more frequent obstruction of the plaintiff's mill might be attributed.   The Court thereupon, and without the motion of either party, so far as appears, instructed the jury, that

first, "if the plaintiffs' mill wheels were not as much ob-
structed within twenty years next preceding the erection
of Manier's dam, as they have been since, and said obstruc-
tion is produced by the erection of Manier's dam, then the
law is for the plaintiffs. 2d. But if the plaintiffs wheels have
been as much flooded by any of the previous dams of the
persons under whom Manier holds, within twenty years
before Manier erected his dam, then the law is for the de-
fendant." And the defendant having excepted to the
first instruction, and also to the opinion of the Court,
overruling his motion for a new trial, made on the ground
that the Court had misdirected the jury, and that the ver-
dict was against the law and evidence, the only ques-
tion before this Court is, whether on either of these
grounds a new trial should have been granted.

It is not our province to determine the weight of the
evidence, with the view of testing the verdict absolutely
by our opinion upon that point, nor should we in general,
deem it necessary, even when we regard the verdict as
being against the evidence, to enlarge upon that point, or
to attempt a demonstration of it. unless it be the only
point upon which a judgment of reversal might be based.
In this case we shall only remark, upon the testimony,
as above referred to, that considering the nature of the
question involved, and of the opposing rights asserted by
the parties respectively, and looking to the principles ex-
pressly settled by the former opinion, the direct testimo-
ny of credible witnesses with regard to the comparative
height of the old and new dam, and the height to which
the one or the other within twenty years prior to the erec-
tion of the new dam, would elevate, or had in fact eleva-
ted the water, is entitled to much more weight than any
evidence of the fact that the upper mills have been more
flooded since the erection of the new dam than before, or
even of the fact that the water appears to be backed up
nearer to the upper mill, or more upon its wheels than
formerly. The testimony derived from observations made
at the plaintiff's mill, may be all-sufficient to prove the
greater obstruction to his wheels, and the greater eleva-
tion of the water immediately below his mill, since than
before the erection of the new dam. But as both of these

MANIER
vs
MYERS & JOHNS.

effects might be produced by other causes than the greator
elevation of the water by the new dam, the inference
drawn from these effects, if at all sufficient to prove the
fact of the greater elevation of the water by the new dam,
is entirely destroyed by proof that the old dam had within
twenty years elevated the water to a height as great or
greater than that to which it is elevated by the new one.

In the former opinion, the right of the defendant to
elevate the water by his new dam to as great a height, not
exceeding the original privilege, as it had been elevated
to by the old dam at any time within twenty years, and
his consequent freedom from liability to this action, un-
less by the erection of the new dam he has elevated the
water to a greater height, and thereby obstructed the
plaintiffs in the enjoyment of their mill, and in the use
and flow of the water from its wheels, as they and their
predecessors had been accustomed to have it for twenty
years, are expressly recognized and distinctly stated.

We now add, on the suggestion of the defendant, what
though not directly necessary to the determination of this
case, is illustrative of the principles involved in the sub-
ject, and is a proper qualification and consequence of
those principles, as heretofore stated, that as the main-
tainance of the defendant's privilege must depend upon
his own acts or negligence, and not upon accidental or
providential causes, if it could be supposed that during
twenty years, there had not been water enough in the
stream to fill his dam, yet to whatever height within his
legal privilege, it was capable at any time within that
period of holding and raising the water to the same
height, would he be entitled afterwards to keep it up, al-
though in consequence of a greater supply of water, his
dam might in fact raise it higher, and occasion greater ob-
struction to the mill next above on the stream, than it had
done within the preceding twenty years. And in such
case, the proprietor of the upper dam would have acquir-
ed no right by his twenty years enjoyment, to require the
defendant to diminish the capacity of his dam, and
would have no right of action for the subsequent interrup-
tion of his enjoyment by a rise in the water to the height
to which the defendant's dam would have elevated it at

The existence
and continuance
of the right to
the privilege of
the owner of a
mill to dam up
the water to a
particular dis-
tance, does not
depend upon the
fact that the wa-
ter within twen-
ry years has or
not been backed
up to that dis-
tance, but that it
may have been
so backed if
there had been a
sufficiency of
water.

any time within the twenty years, if there had been water enough to fill it according to its capacity, and yet here would be a case in which the upper mill might be more obstructed than it had been for twenty years; and as the obstruction would certainly not be so great if the lower dam had not been there, it might be said to be produced to some extent at least, by that dam.

But in this case there was no such defect of water, as to prevent the old dam from being often filled according to its capacity. And as it is certain that the new dam can not raise the water higher than its own level, the question whether the defendant has exceeded his right in the erection of the new dam, would seem to be at once, and easily and certainly determinable, by comparing the height or level of the naw dam, with the height or level of the old one, in the best condition in which it had existed at any time within the preceding twenty years. And this would be a conclusive test, unless it appeared that the old dam had not at any time within the twenty years been in such a condition, as by its own capacity of resistance and of holding water to elevate it to its own level, which certainly could not be assumed to have been the case since the old dam had been repaired within the twenty years. Another test which, though perhaps more difficult to establish, may be more satisfactory, since it comes nearer to the very fact to be ascertained, consists in a comparison of the point upon some fixed object to which the new dam elevates the water, with the point upon the same object to which it had been raised by the former dam at any time within twenty years, or in the comparison of the water line of the pond, when the water is on a level with the top of the new dam with the highest water line within the preceding twenty years, when the water was level with the top of the old dam. There may be other tests, and in the application of any or all of them, those who are experienced in the subject will know how to discriminate between the elevation of the water by the power and capacity of the dam, and its elevation by those floods which carry the stream above all obstructions. The actual height to which the new dam

The right to raise a new dam, where it is necessary' is to raise it to the height to which it had been for the preceding 20 years.

elevated the water at any distance up the stream might be ascertained if necessary, by the level.

If the new dam does not by its own capacity of holding and raising the water, elevate the stream to a greater height than had been done by the old dam within twenty years before the erection of the new one, the defendant did not exceed his right, nor invade any right of the plaintiffs, founded upon non user of privilege by him, and enjoyment of a consequent advantage by them, and he is not liable to this action, no matter what may have been the comparative condition and operation of the plaintiffs mills, or what may have been the comparative height of the water at or immediately below it, before and since the erection of the new dam. Assuming what seems to be entirely certain, that the new dam does not exceed the original privilege under which it was erected, it is manifest that the plaintiffs claim a right founded on a non user of twenty years, of some portion of the privilege, and upon the enjoyment by themselves of a consequent advantage for the same period. This is the foundation of their action. For if they have not the right asserted, there can be no injury to it of which they can complain.

To establish a right claimed by non user, it is incumbent on the party asserting it to show that some right was invaded, and that there had been an adverse enjoyment for 20 years.

The injury complained of is, that the defendant has, in the erection of the new dam, resumed or attempted to resume some portion of the privilege which had been lost by his non user, and by the adverse enjoyment of the plaintiffs, and that he has thereby invaded to their damage, the right which they had thus acquired. It is incumbent on the plaintiffs in making out their cause of action, to establish the right, the injury to that right by some invasion of it, and a consequent damage, which may however be implied. And the defendant may rely, in his defence, either upon the non existence or the non invasion of the right asserted. The most favorable assumption for the plaintiffs, is that their enjoyment, and consequent right, are coterminous with the privilege of the defendant—that both are limited by the extent of the non user of the defendant's privilege for twenty years or more, and that the resumption of any portion of that privilege, after such non user, was therefore an invasion of their right, injurious and detrimental to them, and for

which this action may be maintained. If this be so, then in showing that the defendant had resumed any portion of the privilege which had not been used for twenty years, it would also be shown that he had invaded the right of the plaintiffs, and the cause of action would be made out. But the right of the plaintiffs may not be commensurate with their enjoyment for twenty years, nor coterminous with the privilege of the defendant. But whether this be so or not, it is manifest that in every aspect of the subject, and whether we look to the case which the plaintiffs must make out, in order to sustain their action, or to the defence which may be, and in this case is, relied on to defeat it, the primary and fundamental questions are, to what extent was there a non user of the defendant's original privilege for twenty years before the erection of the new dam? And was there in the erection of that dam, a resumption or attempted resumption to any extent, of the privilege which had not been used for twenty years? As the privilege referred to is the privilege of raising the water by a dam for the use of the defendant's mill, these two questions resolve themselves into the single one whether the new dam raises the water higher than the old dam had done at any time within twenty years before the erection of the new one? If the right of the plaintiffs, and the privilege of the defendant, as it existed when he erected the new dam, were coterminous, a determination of the question either way, determines the action. If the right of the plaintiffs did not meet the privilege of the defendant as it existed at the time referred to, that is, if the defendant might have then raised his dam so as to elevate the water higher than it had been elevated by the previous dams, at any time within twenty years, without invading any right or enjoyment of the plaintiffs, then although a negative determination of the question would at once defeat the action, an affirmative determination of it would still leave the enquiry whether the defendant had so far exceeded his privilege as to invade the right of the plaintiffs and thus to injure them. But still, the question as before stated, is the primary and fundamental one; and the enquiry just referred to is in its nature secondary and consequential; and so in any state of the evidence,

is the enquiry into the condition of things at the upper mill, since the erection of the new dam. For that is immaterial, unless the new dam exceeds the privilege of the defendant, by elevating the water higher than had been done within twenty years preceding, by the old one.

It is not denied to be a proper and material part of the plaintiffs' case, to show that their mill is more obstructed since, than it had been for twenty years before the new dam was built, and that the water from below flows back upon their mill more frequently and to a greater height than before. Nor need we deny, that in the absence of all other evidence, and from the absence of all evidence on the part of the defendant, a jury might possibly infer that these effects had been caused by the fact that the new dam elevated the water to a greater height than the old one had done within twenty years, and thus be authorized to find a verdict for the plaintiffs. The argument would be, a new dam has lately been erected by the defendant; since its erection the plaintiffs' mill has been more obstructed by water from below than it had been for twenty years before; this may have been caused by the fact that the new dam elevates the water to a greater height than the old one had done for twenty years before; no other cause is shown to have existed, therefore this is the cause, and therefore the new dam raises the water higher than the old one had done within twenty years.

The fact that a new dam elevates the water more than an old one, is not conclusive that the builder has exceeded his privilege.

If the effect could be produced by no other cause but the one thus inferred, the argument would be conclusive to prove the existance of that cause. But it is weakened by the fact that there may be other causes adequate to produce the effect, and it is rendered utterly inconclusive by proof that such causes did in fact exist. If it were proved or admitted that the new dam did in fact elevate the water more than the old one had done for twenty years, it would still be the subject of enquiry and proof, whether this fact could and did produce the effects complained of, or whether they were produced by other causes. But in this case the greater elevation of the water by the new dam is the very matter in question; and not only does the proof conduce to show the existence of other facts competent to produce the effects relied on, without

the aid of this fact, but this fact is itself susceptible of direct examination and proof, and direct proof is adduced in relation to it.

The defendant complains that in this state of the evidence, the Court in undertaking to aid the jury in their investigation, gave instructions calculated to withdraw their attention from that which should have been the chief subject of enquiry, viz: whether he had in fact exceeded his right as it existed when he built his new dam, and to direct their enquiries mainly to the condition of things at the mill of the plaintiffs, and especially to the question whether their wheel was more obstructed since than for twenty years before that time; and to make their opinion upon this question, rather than upon the question whether he had, in fact, exceeded his privilege, the basis of their verdict. He objects, that by the instructions given, the event of the cause and the preservation or loss of a valuble privilege are made to depend, not upon the acts or neglect of himself or his predecessors, either in failing to use the privilege or in at any time exceeding it as it then subsisted, not upon facts connected with their exercise of the privilege, not upon the actual state of their dam and the height to which it elevated the water at any period, but upon conjectural inferences drawn from facts not connected with their dam, and over which they had no control, and of which some may have been caused by difference in the seasons, and some by the acts of the plaintiffs themselves, in elevating or depressing the wheel of their mill, which the defendant not having access to, could not discover or prove; and that even if this was not done, the principle of the instruction which makes the result depend not upon the condition of things at the lower dam, but upon the operation of the upper mill, would allow of its being done with the effect of depriving the lower mill of its privileges, unless its owner could discover and prove the fact.

These considerations are entitled to much weight, and tend, with others which have been stated, to illustrate the importance, in a case like this, of directing the jury to the proper subjects of enquiry, and laying before them explicitly, the conditions on which the rights of the par-

The plaintiff complained of injury to his mill by back water from defendant's mill, and that defendant had exceeded his privi-

lege, and elevated his dam higher than he had a right to do— Held that it was error to make the fact of whether the overflow was greater upon plaintiff than it had been for 20 years anterior to the erection of the new dam the only point necessary to be proved by plaintiff to authorize a recovery; and so instruct the jury.

ties and the law of the case depends. The instructions given have, in our opinion, failed to accomplish this. They do not make the case turn upon the question whether the new dam elevates the water higher than the old one had done within twenty years, but seem to make it turn upon the question whether the wheels of the plaintiffs' mill are more obstructed since than they had been within twenty years before the erection of the new dam. The first instruction does indeed, refer to the fact of the obstruction being produced by Manier's dam as necessary to authorize a recovery, but it is far from presenting explicitly, the precise point of enquiry, and in its reference to this part of the subject, is vague and ambiguous; and as the second branch of the instructions which undertakes to state the conditions on which the law would be for the defendant, although in itself true as far as it goes, places the defence and the immunity of the defendant solely upon the condition that the plaintiffs' wheel had not been more flooded since the erection of the new dam than it had been within twenty years before, by any of the previous dams under the same privilege, the jury may have understood, and probably did understand that they were bound, under the first instruction, to find for the plaintiffs, if their mill had been more obstructed since the erection of the new dam, and at any rate, if it was also more flooded than it would have been if there had been no dam at Manier's mill. In either aspect, the defendant's privilege might be lost by a change in the seasons or other intervenient causes. We cannot, therefore, regard the verdict as finding the facts upon which alone the plaintiffs are entitled to recover; and are of opinion that because the instructions were misleading and erroneous, a new trial should have been granted.

We are not satisfied that upon the evidence in this record, the Court might not have assumed that the use and enjoyment of the plaintiffs' mill, as it was used and enjoyed for twenty years before the erection of the new dam, was under a claim of right, and with the knowledge of the owners of the lower mill, and we should not have been disposed to disturb the verdict merely for the omission to submit these facts to the jury as conditions of a

finding for the plaintiffs. But on the ground already stated, the judgment is reversed and the cause remanded for a new trial in conformity with this and the former opinion.

*Robinson & Johnson and Hazlerigg* for plaintiff: *Hanson and Apperson* for defendants.